```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION


United States of America         )
                                 )
                                 )
       v.                        )   No. 13 CR 176-1
                                 )
                                 )
                                 )
Reginald David George,           )
                                 )
           Defendant.            )
                                 )
```

Memorandum Opinion and Order

Reginald George was convicted on his guilty plea to a charge of drug conspiracy in the Southern District of Iowa and sentenced to ninety months of incarceration and four years of supervised release. George completed his custodial sentence, and jurisdiction over his supervised release was transferred to this district. After completing a year and a half of supervised release, George moved for its early termination. His motion observed correctly that "18 U.S.C. § 3583(e)(1) allows the Court to terminate a defendant's supervised release after one year if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The only argument he asserted in support of his motion, however—and it was unaccompanied by any evidence—was that his probation officer did not object to early termination and reported that George had complied with the conditions of his supervised release. George's motion was otherwise silent with respect to his

conduct and the interest of justice; made no mention of any 18 U.S.C. § 3553(a) factors in support of his request; and cited no authority for granting early termination of supervised release based entirely on the putative non-objection of a probation officer. Indeed, the motion did not offer any facts relating to Mr. George's conduct at all, nor did it cite a single case. Because my review of the motion revealed that it was utterly barren of substance, I denied it summarily.

George now moves for reconsideration of my denial on the ground that it was "in violation of law" insofar as it did not undertake the analysis required by *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (court must consider § 3553(a) factors in denying motion for early termination of supervised release). I grant the motion merely to clarify that I denied his previous motion on the grounds stated above: that George failed to offer any evidence of his conduct, any discussion of the interest of justice, or any analysis demonstrating that the § 3553(a) factors favor early termination of his supervised release. Indeed, George offered nothing but a naked request, adorned only by his lawyer's representations—which, as any competent attorney understands, is not evidence—about George's probation officer's putative non-objection to the request. With no evidence to consider and no argument to analyze, George's submission presented nothing to discuss.

2

Yet George—or, more probably, his attorney—seems to believe that courts have a sua sponte obligation to scour the record in search of facts to consider when ruling on a defendant's motion for early termination of supervised release. But neither *Lowe* nor any other case George cites stands for such a principle. Early termination of supervised release is not an entitlement. Instead, "[t]he defendant bears the burden of demonstrating that early termination is warranted." *United States v. O'Hara*, No. 00-CR-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011) (citing cases). Moreover, the Seventh Circuit has upheld the summary denial of such a motion when the reasons for the denial are "apparent" from the record. *United States v. Nonahal*, 338 F.3d 668, 671 (2003). In *Nonahal*, the defendant moved to modify the terms of his supervised release so that he could travel abroad. The Seventh Circuit upheld the district court's unexplained denial of the motion, noting that the "reasons for denying the modification [were] apparent," since authorizing a defendant under supervision to relocate abroad, "far outside of the oversight of his probation officer, is antithetical to the concept of supervised release ...." *Id*. That observation is also true here, of course; in addition, George's skeletal motion was facially inadequate to carry his burden.

And while George purports tardily to identify substantive grounds for relief in his reconsideration motion, the record remains devoid of any evidence to substantiate the arguments he articulates.

3

In fact, the evidence seems to contradict his statements. For example, his motion states, "[s]ince his release, Mr. George has been continually employed. Indeed he is a professional basketball player and is contracted to play on international teams." Yet, there is no evidence that he has been employed as a basketball player since his release or that he has a current contract for such employment. The financial affidavit he signed in conjunction with his request for appointment of an attorney—which he filed after his motion for early termination and did not cite in his reconsideration motion— states that he is currently employed as a home healthcare worker earning $578 a month. *See* DN 16. The affidavit indicates that at some point in the past 12 months, George received a biweekly salary from a "recent team [he] played, signed contract with" in Armenia. *Id*. Whatever this may mean, it certainly does not suggest that he has a current contract to play professional basketball internationally.

Relatedly, George asserts that he "received permission from the Court to travel internationally for this employment." George neglected to attach any court order substantiating that assertion, however, and my review of the record in his case in the Southern District of Iowa reveals that it, too, misstates the facts. While it is true that the court granted George's motion to modify the conditions of his supervised release to allow for international

4

travel, the court's order said nothing about international employment.[1]

George's motion for reconsideration goes on to state that he "has always been in compliance with his supervised release, has never produced a positive drug test, has never defied his probation officer's requests, has never been in any additional trouble." Mot. for Reconsideration at 4. Am I to take counsel's word for these facts, too? And for the assertion that George's probation officer "has developed a relationship with Mr. George and has had continuous contact" with him and his family and "reported that it would not be in the interest of judicial resources for Mr. George to continue to be supervised"? Mot. to Reconsider at 4-5. George might have substantiated, with an affidavit from the probation officer, the information he claims the probation officer provided and the basis for the officer's putative view that judicial interest favors a grant of early termination. But he did not. Attorney argument remains all that I have before me with respect to George's conduct and the interest of justice—the elements the statute authorizing early termination of supervised release directs me to consider.

---

[1] *See* DN 192 in Case No. 3:13-cr-9 (S.D. Iowa). George's motion to modify the terms of his supervision did indicate that he wished to play on an international basketball team and stated that he had a "local contract" in that connection. I note, however, that the only contract George attached was not to play basketball but instead to have an agent represent him for purposes of identifying and pursuing a potential basketball contract. *See* DN 190-3 in Case No. 3:13-cr-9 (S.D. Iowa).

5

Turning specifically to the § 3553(a) factors, George presents no facts beyond those the sentencing judge presumably considered when he determined that four years was an appropriate term of supervised release: George's acceptance of responsibility in pleading guilty; his lack of a violent criminal history; his status as a father; and the fact that he holds an associate's degree. None of this is new, and nothing in his recent submissions persuades me to terminate, after just over 18 months, the four-year term the sentencing court imposed.

        **ENTER ORDER:**

        _____
        **Elaine E. Bucklo**
        United States District Judge

Dated: April 16, 2021